FILED
DECEMBER 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS F. LEON, JOSE SANTILLAN, and JORGE TOVAR, on behalf of themselves and other persons similarly situated, known and unknown, and ALFONSO PRADO, <br><br> Plaintiffs, <br><br> v. <br><br> MS-GRAND NILES, INC., MS-GRAND BEDFORD PARK, INC., MIN SIK KANG, individually, and MAN SUN KANG, individually, <br><br> Defendants. | No. 08 CV 2907 <br> Judge Kennelly <br> Magistrate Judge Brown |

## FIRST AMENDED COMPLAINT

Plaintiffs Luis F. Leon, Jose Santillan, and Jorge Tovar, on behalf of themselves and other persons, known and unknown, and Plaintiff Alfonso Prado, through their attorneys, for their Complaint against Defendants MS- Grand Niles, Inc. ("Niles"), MS Grand Bedford Park, Inc. ("Bedford"), Min Sik Kang ("Min Sik"), individually, and Man Sun Kang ("Man Sun"), individually, (collectively, "Defendants") state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiffs, and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks. Defendants' unlawful compensation practices have (and have had) the effect of denying Plaintiffs, and other

similarly situated employees, their earned and living wages. A copy of Plaintiffs Leon, Santillan, and Tovar's Consent to bring their claim for unpaid overtime wages under the FLSA as a representative action is attached hereto as Group Exhibit A.

**PARTIES**

2. At all material times hereto, Plaintiffs were employed by Defendants as "employees" within the meaning of the FLSA, 29 U.S.C. §203(e)(1) and the IMWL, 820 ILCS §105/1 *et seq.*

3. Plaintiffs reside in and are domiciled within this judicial district.

4. During the course of their employment, Plaintiffs engaged in commerce or in the production of goods for commerce.

5. At all material times hereto, Defendants were Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS §105/3(c).

6. Defendant Niles is an Illinois corporation doing business within the state of Illinois.

7. Defendant Niles has had two or more employees, including Plaintiff Leon, who handle goods that moved in interstate commerce.

8. Defendant Niles is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

9. Defendant Niles's principal place of business is located within this judicial district.

10. Defendant Bedford is an Illinois corporation doing business within the state of Illinois.

11. Defendant Bedford has had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

12. Defendant Bedford is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

13. Defendant Bedford's principal place of business is located within this judicial district.

14. Defendant Min Sik is a President of MS-Grand Niles, Inc. and MS-Grand Bedford Park, Inc. and is involved in the day-to-day business operations of Niles and Bedford. Among other things, Defendant Min Sik has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant Min Sik is an "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

15. Defendant Man Sun is an officer of MS-Grand Niles, Inc. and is involved in the day-to-day business operations of Niles. Among other things, Defendant Man Sun has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant Man Sun is an "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

**JURISDICTION AND VENUE**

16. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs'

claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## COUNT I
### Violation of the Fair Labor Standards Act- Overtime Wages
(Plaintiff Leon, on behalf of himself and others similarly situated, against Defendants MS-Grand Niles, Inc., Min Sik Kang, and Man Sun Kang)

Plaintiff Leon hereby realleges and incorporates paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

17. This count arises from Defendants Niles, Min Sik and Man Sun's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiff Leon, and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks.

18. During the course of Plaintiff Leon's employment with Defendants Niles, Min Sik and Man Sun, Defendants Niles, Min Sik and Man Sun directed Plaintiff Leon to work, in excess of forty (40) hours in individual work weeks and Plaintiff Leon customarily did work in excess of fifty (50) hours in individual work weeks.

19. Defendant Niles, Min Sik and Man Sun directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, and they did work in excess of forty (40) hours in individual work weeks.

20. Pursuant to 29 U.S.C. §207, for all time worked in excess of forty (40) hours in individual work weeks, Plaintiff Leon and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

21. Defendant Niles, Min Sik and Man Sun did not compensate Plaintiff Leon, and other similarly situated employees, at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

22. Defendants Niles, Min Sik and Man Sun's failure and refusal to pay overtime wages to Plaintiff Leon, and similarly situated employees, for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. §207.

23. Defendants Niles, Min Sik and Man Sun's willfully violated the FLSA by refusing to pay Plaintiff Leon and similarly situated employee's overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff Leon prays for a judgment against Defendants Niles, Min Sik and Man Sun as follows:

A. A judgment in the amount of one and one-half times Plaintiff Leon's, and other similarly situated employees', hourly wage rate for all time which they worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Fair Labor Standards Act -Overtime Wages
### (Plaintiffs Leon, Santillan, and Tovar, on behalf of themselves and others similarly situated, and Plaintiff Prado against Defendants MS- Grand Bedford Park, Inc. and Min Sik Kang)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

24. This count arises from Defendants Bedford and Min Sik's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks.

25. During the course of Plaintiffs' employment with Defendants Bedford and Min Sik, Defendants Bedford and Min Sik directed Plaintiffs to work, in excess of forty (40) hours in individual work weeks and Plaintiffs customarily did work in excess of fifty (50) hours in individual work weeks.

26. Defendant Bedford and Min Sik directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, and they did work in excess of forty (40) hours in individual work weeks.

27. Pursuant to 29 U.S.C. §207, for all time worked in excess of forty (40) hours in individual work weeks, Plaintiffs and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

28. Defendant Bedford and Min Sik did not compensate Plaintiffs, and other similarly situated employees, at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

29. Defendants Bedford and Min Sik's failure and refusal to pay overtime wages to Plaintiffs, and similarly situated employees, for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. §207.

30. Defendants Bedford and Min Sik willfully violated the FLSA by refusing to pay Plaintiffs and similarly situated employee's overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants Bedford and Min Sik as follows:

A. A judgment in the amount of one and one-half times Plaintiffs', and other similarly situated employees', hourly wage rate for all time which they worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff Leon Individually against Defendants MS- Grand Niles, Inc., Min Sik Kang, and Man Sun Kang)

Plaintiff Leon hereby realleges and incorporates paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

31. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

32. The matters set forth in this Count arise from Defendants Niles, Min Sik, and Man Sun's violation of the overtime compensation provisions of the IMWL, 820 ILCS §105/4(a).

33. During the course of Plaintiff Leon's employment with Defendants Niles, Min Sik, and Man Sun, Defendants Niles, Min Sik, and Man Sun directed Plaintiff Leon to work in excess of forty (40) hours in individual work weeks, and Plaintiff Leon customarily did work in excess of fifty (50) hours in individual work weeks.

34. Pursuant to 820 ILCS §105/4(a), for all weeks during which Plaintiff Leon worked in excess of forty (40) hours, he was entitled to be compensated at one and one-half

times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

35. Defendants Niles, Min Sik, and Man Sun violated the IMWL by failing to compensate Plaintiff Leon at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

36. Pursuant to 820 ILCS §105/12(a), Plaintiff Leon is entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff Leon prays for a judgment against Defendant Niles, Min Sik, and Man Sun as follows:

A. A judgment in the amount of one and one-half times Plaintiff Leon's regular hourly rate of pay for all time which Plaintiff worked in excess of forty (40) hours in individual work weeks;

B. Damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (All Plaintiffs Individually against Defendants MS- Grand Bedford Park, Inc. Min Sik Kang)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

37. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

38. The matters set forth in this Count arise from Defendants Bedford and Min Sik's violation of the overtime compensation provisions of the IMWL, 820 ILCS §105/4(a).

39. During the course of Plaintiffs' employment with Defendants Bedford and Min Sik, Defendants Bedford Bedford and Min Sik directed Plaintiffs to work in excess of forty (40) hours in individual work weeks, and Plaintiffs customarily did work in excess of fifty (50) hours in individual work weeks.

40. Pursuant to 820 ILCS §105/4(a), for all weeks during which Plaintiffs worked in excess of forty (40) hours, he was entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

41. Defendants Bedford and Min Sik violated the IMWL by failing to compensate Plaintiffs at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

42. Pursuant to 820 ILCS §105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendant Bedford and Min Sik as follows:

- A. A judgment in the amount of one and one-half times their regular hourly rate of pay for all time which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

- B. Damages pursuant to the formula set forth in 820 ILCS 105/12(a);

- C. Reasonable attorneys' fees and costs incurred in filing this action; and,

- D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: December 5, 2008

s/John E. Untereker
JOHN E. UNTEREKER (ARDC # 6290945)
CHRISTOPHER J. WILLIAMS (ARDC #6284262)
Working Hands Legal Clinic,
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs

# GROUP EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendants _Ms-Grand Bedford Park_ within the prior three (3) years, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Jose G. Santillan_

Signature: _[signature]_

Date on which I signed this Notice: _4 - 28 - 08_


Christopher J. Williams
John E. Untereker
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF INA COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendants _MS-Grand Niles, MS-Grand Bedford Park_ within the prior three (3) years, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Luis F Leon_

Signature: _Luis F Leon_

Date on which I signed this Notice: _05-08-08_


Christopher J. Williams
John E. Untereker
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs

### NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendants __Mc-hand Bedford Park__ within the prior three (3) years, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: __Jorge A Tovar__

Signature: __Jorge A Tovar__

Date on which I signed this Notice: __4-28-08__

Christopher J. Williams
John E. Untereker
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that true and correct copies of the foregoing **Plaintiffs' Motion For Leave to File Their First Amended Complaint** was served via electronic mail at the address listed in the Court's CM/ECF electronic filing system on December 5, 2008, on:

Tzivia A. Maslianksy
Anne E. Larson
Much, Shelist, Denenberg, Ament & Rubenstein, P.C.
191 North Wacker Dr., Suite 1800
Chicago, IL 60606

s/John E. Untereker
John E. Untereker